#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUE E. PALENSKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-4167-JAR |
| | ) | |
| WESTAR ENERGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

#### ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS

The Court now considers defendant's motion to dismiss (Doc. 7). The local rules in this district require a response to a motion to dismiss to be filed within twenty-three days or be deemed unopposed.[1] Because well over twenty-three days have elapsed since defendant filed its motion to dismiss on April 21, 2005, the motion may be deemed unopposed. An unopposed motion is "considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2] Nevertheless, the Court has reviewed the complaint and finds that defendant's motion to dismiss should be granted for the reasons addressed below.

**I. Background**

Plaintiff Sue Palenske was employed by Westar Energy, Inc. (Westar) at the Jeffrey Energy Center near St. Mary's, Kansas. Plaintiff alleges that she was subjected to a hostile work environment from January 2000 until November 16, 2001, the date of her termination. Plaintiff

---

[1] *See* D. Kan. R. 6.1(d)(2) (providing a party twenty-three days to respond to a motion to dismiss).

[2] D. Kan. R. 7.4.

1

also alleges that she was denied accommodations for various health problems and that a request for benefit information was ignored.

Plaintiff filed a complaint in this Court on June 19, 2003 against Westar based on various allegations of employment discrimination. On September 15, 2004, that case was dismissed without prejudice for failure to effect service of summons or the complaint on defendant within 120 days, as required by Fed. R. Civ. P. 4(m). Plaintiff filed the present action on December 14, 2004, again alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), the Family Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), the Employee Retirement Income Security Act (ERISA), and the Kansas Act Against Discrimination (KAAD).

## II. Discussion

### A. *Motion to Dismiss Standard*

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.[3] The purpose of Federal Rule of Civil Procedure 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.[4]

On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff and construes the allegations in the light most favorable to the plaintiff.[5] These

---

[3] *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984) (citation omitted).

[4] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (quotation omitted).

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir. 1987).

deferential rules, however, do not allow the court to assume that a plaintiff can prove facts that it has not alleged or that the defendants have violated the laws in ways that have not been alleged.[6] If the facts narrated by the plaintiff "do not at least outline or adumbrate" a viable claim, the complaint cannot pass Rule 12(b)(6) muster.[7] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.

## B. Federal Claims

### 1. Title VII and the ADA

Under Title VII and the ADA, a claimant must exhaust his or her administrative remedies before filing a case in federal court.[8] This is accomplished by timely filing a charge of discrimination with the EEOC. Because Kansas is a deferral state, the person must file his or her claim with the EEOC within 300 days of the alleged unlawful act.[9] Here, plaintiff timely filed a charge with the EEOC. However, Title VII and the ADA further require that the plaintiff file suit in federal court within 90 days after receiving a right-to-sue-notice issued by the EEOC.[10] This 90-day filing requirement is a condition precedent, rather than a jurisdictional prerequisite to suit.[11] It operates as a statute of limitations.[12]

---

[6] *Associated Gen. Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

[7] *Mounkes,* 922 F. Supp. at 1506 (D. Kan. 1996) (citing *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[8] *Jones v. Denver Post Corp.*, 203 F.3d 748, 755 (10th Cir. 2000) (citation omitted).

[9] 42 U.S.C. §2000e-5(e); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 (10th Cir. 1999).

[10] 42 U.S.C. §20003-5(f)(1); 42 U.S.C. 12117(a); *see Scott v. Boeing Co.*, No. 01-CV-4057-DES, 2001 WL 1057750, at *1 (D. Kan. Sep. 10, 2001).

[11] *Jarrett v. US Sprint Commc'ns Co.,* 22 F.3d 256, 259-60 (10th Cir. 1994).

[12] *Id.*

Plaintiff received her EEOC right-to-sue notice on March 27, 2003.  Although plaintiff filed her first complaint within 90 days on June 19, 2003, the period of time during which this first case was pending did not toll the statute of limitations for purposes of the instant case.  Because the first complaint was dismissed without prejudice, it did not operate to toll the statute of limitations.[13]  Plaintiff did not file the present case until December 14, 2004–nearly two years past the requisite 90-day time frame.

State tolling and saving provisions do not apply in Title VII and ADA cases.[14]  The Tenth Circuit has made clear that "a Title VII time limit will be tolled only upon a showing of 'active deception' where, for example, the plaintiff has been 'actively misled' or 'lulled into inaction by her past employer, state or federal agencies, or the courts.'"[15]  There is no evidence of active deception in this case, and therefore the Court declines to find that the statute of limitations was tolled in this case while the first case was pending.[16]  Therefore, the Court finds that plaintiff's Title VII and ADA should be dismissed because they were not timely filed.

### 2.  FMLA

Plaintiff's FMLA claim is also time-barred.  Plaintiffs are accorded a two-year period to

---

[13] *Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029, 1030-31 (10th Cir. 1994); *Brown v. Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991) ("filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII.").

[14] *Simons*, 28 F.3d at 1031.

[15] *Id.* (quoting *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1480-81 (10th Cir. 1988)) (further internal quotations omitted).

[16] The Court notes that even if it found that the statute of limitations could be tolled, plaintiff's case would still be time barred.  Plaintiff filed her first case 53 days after receiving her right-to-sue notice and 90 days elapsed between the dismissal of this first case and plaintiff's filing of the instant case.  Therefore, this case would be considered filed 143 days after receipt of the right-to-sue notice.

file a FMLA claim after the alleged violation occurred.[17] The time is extended to three years if the plaintiff can show a willful violation.[18] Plaintiff's employment was terminated on November 16, 2001. Assuming plaintiff alleges a willful violation of the statute, plaintiff's limitations period would have ended on November 16, 2004. The present claim was brought on December 14, 2004, which is clearly past the three year maximum period provided by the statute. Again, the FMLA does not provide for tolling of the statute of limitations. The Court declines to invoke its powers of equity to toll the limitations period here where there is no evidence that the plaintiff was "lulled" into inaction by her employer, state or federal agencies, or the Court.[19] Therefore, plaintiff's FMLA claim was filed out of time.

### 3. ERISA

Plaintiff alleges a violation of ERISA in her complaint, but does not identify the particular section of ERISA upon which she bases her claim. Plaintiff alleges in her complaint that Westar failed to respond to her inquiries regarding the procedures available to her for qualifying for benefits provided by ERISA covered plans. Plaintiff asserts, "Thise [sic] failure to respond is deemed to be a denial of those benefits and rights protected by ERISA." The Court finds that the complaint alleges a violation of 29 U.S.C. § 1132(c), which allows the Court to order a plan administrator to pay a participant $100 per day from the date of the refusal to provide requested information, and "in its discretion order such other relief as it deems proper."[20]

---

[17] 29 U.S.C. § 2617(c)(1).

[18] 29 U.S.C. § 2617(c)(2).

[19] *See Packard v. Continental Airlines, Inc.*, 24 Fed. Appx. 960, 962 (10th Cir. 2001) (applying this equitable tolling principal in a FMLA case).

[20] 29 U.S.C. § 1132(c)(1).

Section 1132 does not provide for a statute of limitations; therefore, the Court must apply the most analogous statute of limitations under state law.[21]  Generally, courts have applied state statutes of limitations for actions on written contracts to ERISA claims brought under section 1132, which is five years under Kansas law.[22]  However, the cases applying this five year limitations period to section 1132 cases in this district have all dealt with claims brought under section 1132(a)–claims involving denial of benefits–and not section 1132(c).[23]  Here, plaintiff only alleges a violation of section 1132(c) in her complaint, as there is no assertion that any benefits were denied to her by Westar.  Section 1132(c) has been construed by courts to be penal in nature, and a separate and distinct claim than one for benefits under 1132(a).[24]  Therefore, the Court finds that the most analogous statute of limitations under Kansas law is one for actions upon a statute for a penalty, which provides for a one year statute of limitations.[25]

Plaintiff was terminated on November 16, 2001, and brought her initial law suit on June 19, 2003.  The complaint does not indicate when plaintiff requested information in writing from

---

[21] *Muller v. Am. Mgmt. Ass'n Int'l*, 368 F. Supp. 2d 1166, 1172 (D. Kan. 2004) (citing *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197 (10th Cir. 1990)); *Caldwell v. Life Ins. Co. of North Am.*, 959 F. Supp. 1361 (D. Kan. 1997).

[22] *Id.*; *see* K.S.A. 60-511.

[23] *See, e.g.*, *Muller*, 368 F. Supp. 2d at 1172; *Caldwell*, 959 F. Supp. at 1367.

[24] *Iverson v. Ingersoll-Rand Co.*, 125 Fed. Appx. 73, 77 (8th Cir. 2004); *Kumar v. Higgins*, 91 F. Supp. 2d 1119, 1123-24 (N.D. Ohio 2000); *Adams v. Cyprus Amax Mineral Co.*, 44 F. Supp. 2d 1126, 1140 (D. Colo. 1999); *Harless v. Research Inst. of Am.*, 1 F. Supp. 2d 235, 240 (S.D.N.Y. 1998); Maiuro v. Fed. Express Corp., 843 F. Supp. 935, 943 (D.N.J. 1994), *aff'd*, 43 F.3d 1461 (3d Cir. 1994); *Damon v. Unisys Corp.*, 841 F. Supp. 1094, 1097 (D. Colo. 1994).  *But see, e.g.*, *Stone v. Travelers Corp.*, 58 F.3d 434, 439 (9th Cir. 1995) (finding a violation of section 1132(c) is not penal in nature, and should therefore be analogized to a California statute of limitations applying to a "remedy sought by an individual as compensation to address a private wrong").

[25] *See* K.S.A. 60-514.

the plan administrator, which would mark the accrual date of her claim.[26]  However, plaintiff had to have requested the benefit information at least by the date her first complaint was filed on June 19, 2003, as that first complaint recited her section 1132(c) claim.  At best, plaintiff's ERISA claim must have been filed one year and 30 days after this commencement date.  By waiting until December 14, 2004 to file, her claim clearly falls outside the one-year statute of limitations.

## C.  State Law Claim

Defendants further argue that plaintiff's state law claim should be dismissed.  Because the Court grants dismissal to defendant on all of the federal claims, the Court is authorized to decline supplemental jurisdiction over the remaining state law claim.[27]  Whether to exercise supplemental jurisdiction is committed to the court's sound discretion.[28]  28 U.S.C. section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity.'"[29]

Upon a pretrial disposition of the federal claims, district courts will generally dismiss the

---

[26]*Damon*, 841 F. Supp. at 1098 (explaining that the statute of limitations commenced 30 days after the plaintiff made a written request for information from the plan administrator).

[27]28 U.S.C. § 1367(c)(3).

[28]*City of Chicago  v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997); *see Anglemyer v. Hamilton County Hosp.,* 58 F.3d 533, 541 (10th Cir. 1995).

[29]*City of Chicago,* 522 U.S. at 173 (quoting *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 (1988)); *see also Gold v. Local 7 United Food & Commercial Workers Union,* 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld County Commr's*, 365 F.3d 855 (10th Cir. 2004).

state law claims without prejudice.[30]  This general practice is in keeping with the holdings of the Supreme Court and the Tenth Circuit.[31]  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[32]  Plaintiff may be able to pursue her claim in a Kansas court because 28 U.S.C. § 1367(d) tolls the statute of limitations during the time the claim is pending and affords her at least 30 days from a current federal court dismissal to commence a new action in state court.[33]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** as to all federal claims.

**IT IS FURTHER ORDERED** that plaintiff's state law claim is **dismissed without prejudice**.

**IT IS SO ORDERED**.

Dated this 5th  day of October 2005.

                                         S/ Julie A. Robinson
                                        Julie A. Robinson
                                        United States District Judge

---

[30]*Ball v. Renner,* 54 F.3d 664, 669 (10th Cir. 1995) (collecting cases); *see also Roe v. Cheyenne Mountain Conference Resort, Inc.,* 124 F.3d 1221, 1237 (10th Cir. 1997).

[31]*Ball*, 54 F.3d at 669.

[32]*Thatcher Enters. v. Cache County Corp.,* 902 F.2d 1472, 1478 (10th Cir. 1990).

[33]Kansas's "saving statute," K.S.A. 60-518, affords a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits."  Examples of such failures include dismissal without prejudice. *See Rogers v. Williams, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989).  If applicable, this time frame controls over the 30-day tolling period in 28 U.S.C. § 1367(d).  In addition, Kansas courts toll the three-year statute of limitations in KAAD actions during the time which a plaintiff exhausts administrative remedies.  *Wagher v. Guy's Foods, Inc.*, 885 P.2d 1197 (Kan. 1994).